IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-02533-NYW

4455 JASON ST, LLC,
THE DENVER BEER COMPANY, LLC, and
DENVER BEER CO PRODUCTION, LLC

    Plaintiffs,

v.

MCKESSON CORPORATION,

    Defendant.

## MINUTE ORDER

Magistrate Judge Nina Y. Wang

    This matter is before the court on the Stipulated Motion to Dismiss With Prejudice With the Court Retaining Jurisdiction to Enforce the Settlement (the "Motion") [Doc. 56]. The court fully presides over this matter pursuant to 28 U.S.C. § 636(c) and the Order of Reference for all purposes dated October 6, 2020. [Doc. 16].

    In the Motion, the Parties "jointly request that the Court dismiss with prejudice [this] matter pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii)." [Doc. 56 at 1]. Rule 41(a)(1)(A)(ii) provides that a plaintiff may voluntarily dismiss an action without a court order by filing "a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A)(ii)." Here, the Motion is signed by all Parties who have appeared. *See* [Doc. 56 at 3-4]. Accordingly, the court **CONSTRUES** the Motion as a self-effectuating dismissal under Rule 41(a). Plaintiffs' claims were dismissed with prejudice upon the filing of the Motion. The Clerk of Court is **DIRECTED** to terminate this case accordingly.

    In addition, the Parties request that this court retain jurisdiction over this matter for the limited purpose of enforcing the terms of the Settlement Agreement and Access Agreement. [Doc. 56 at 3]. The Tenth Circuit has held that a district court can retain jurisdiction over a settlement agreement "if the order of dismissal shows an intent to retain jurisdiction or incorporates the settlement agreement." *Morris v. City of Hobart*, 39 F.3d 1105, 1110 (10th Cir. 1994). Accordingly, it is **ORDERED** that this court shall retain jurisdiction over this matter for the limited purpose of enforcing the terms of the Settlement Agreement and Access Agreement.

DATED: May 3, 2022